AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence By a Person in State Custody

**(Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)**

## Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ ________ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for**
   **Address**
   **City, State Zip Code**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 241 (Rev. 09/17)

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: Eastern District of Texas |
|---|---|---|
| Name (under which you were convicted): STEVEN CECILLIO TORRES | | Docket or Case No.: |
| Place of Confinement : TDCJ George Beto Unit | | Prisoner No.: 01627212 |
| Petitioner (include the name under which you were convicted) Steven Cecillio Torres | v. | Respondent (authorized person having custody of petitioner) Patrick Cooper |
| The Attorney General of the State of: Texas | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   185th District Court of Harris County, Texas

   (b) Criminal docket or case number (if you know): 1246750 and 1246751

2. (a) Date of the judgment of conviction (if you know): 

   (b) Date of sentencing: 02/18/2010

3. Length of sentence: life imprisonment

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: two counts of capital murder

6. (a) What was your plea? (Check one)

   ☑ (1) Not guilty ☐ (3) Nolo contendere (no contest)

   ☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Court of Appeals of Texas, Houston (1st. Dist.)

(b) Docket or case number (if you know):

(c) Result: dismissed

(d) Date of result (if you know): 08/16/2012

(e) Citation to the case (if you know):

(f) Grounds raised: the trial court committed jury charge error, by

(1) denying his request for a jury charge for murder, rather than for capital murder, based on his reading of the indictment; and

(2) failing to properly instruct the jury that independent corroboration of accomplice witness testimony is a necessity

(g) Did you seek further review by a higher state court? ☐ Yes ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: 185th District Court of Harris County, Texas

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 05/11/2016

(4) Nature of the proceeding: 11.07 Pro-se writ of habeas corpus

(5) Grounds raised: ineffective assistance of trial counsel; inaffective assistance of appellate counsel; prosecutor misconduct; abuse of discretion of trial judge; violation of right to due process

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☑ No

(7) Result: motion denied

(8) Date of result (if you know): 7/5/16

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Court of Criminal Appeals of Texas

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 08/12/2016

(4) Nature of the proceeding: 11.07 Pro-se writ of habeas corpus

(5) Grounds raised: ineffective assistance of trial counsel; ineffective assistance of appellate counsel; prosecutor misconduct; abuse of discretion of trial judge; violation of right to due process

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes ☐ No

(7) Result: dismissed

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: Court of Criminal Appeals of Texas

(2) Docket or case number (if you know):

(3) Date of filing (if you know): 06/29/2017

(4) Nature of the proceeding: motion for permission for leave to file reconsideration request

(5) Grounds raised: notice of denial of writ was not timely sent to applicant

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ☑ No

(7) Result: motion denied

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ☑ No

(2) Second petition: ❒ Yes ☑ No

(3) Third petition: ❒ Yes ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Applicant did not receive the opinion in time, so he did not file with the Texas Supreme Court.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Mr. Torres is actually innocent.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State produced no contrary evidence or affidavits.

There were no corroborating witnesses.

There was one judge who agreed with Mr. Torres and dissented.

(b) If you did not exhaust your state remedies on Ground One, explain why: Ineffective assistance of counsel, and Mr. Torres did not receive a response in time to file with the Texas Supreme Court.

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Effective assistance of counsel was not provided.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available): ____________________

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Effective assistance was not provided.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Equitable tolling applies.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Torres did not receive the denial of his writ of habeas corpus in a timely manner, so he was unable to file with the Texas Supreme Court.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Mr. Torres did not have effective assistance of counsel and did not receive the requisite documents in a timely manner.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

AO 241 (Rev. 09/17)

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Effective assistance of counsel was not given, and documents were not received in time for appeal.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Mr. Torres suffered from ineffective assistance of counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to move for a lesser included offense or lower charge than capital murder.

Trial counsel was also not called upon to give an accounting for the claims alleged in Mr. Torres's initial habeas writ. The trial court was instead left to speculate regarding what was a reasonable trial strategy.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☑ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07

Name and location of the court where the motion or petition was filed: 185th District Court of Harris County, Texas

Docket or case number (if you know):

Date of the court's decision: 05/11/2016

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☑ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Court of Criminal Appeals of Texas

Docket or case number (if you know):

Date of the court's decision: 08/12/2016

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** The proceedings below violated Petitioner's right to be free from double jeopardy.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The state used the same information from a probation revocation hearing to indict Mr. Torres on Capital Murder, which violates the Double Jeopardy Clause.

The State was collaterally estopped from bringing the charges for capital murder based on evidence and factual background that was already adjudicated from years prior.

(b) If you did not exhaust your state remedies on Ground Four, explain why: Counsel was ineffective

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: ______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available): ______

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: ______

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Mr. Torres was not able to appeal to the Texas Supreme Court as a result of not receiving his denial in a timely manner despite writing a letter requesting the documents.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Actual innocence and equitable tolling.

Effective assistance of counsel was not provided.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Proper due diligence was exercised.

There were extraordinary circumstances in that an update on the habeas writ was not given in a timely manner, and applicant is entitled to equitable tolling.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: vacate Mr. Torres's sentence of life imprisonment and remand for reconsideration

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any) ROBERT L. SIRIANNI JR

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Jan. 16, 2023 (month, date, year).

Executed (signed) on January 16, 2023 (date).

Steven C. Torres
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.